UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE R. MCMANAMAN,<br><br>Defendants. | Case No. 13-cr-20810<br>Hon. Terrence G. Berg |

**ORDER DENYING DEFENDANT'S MOTIONS TO CORRECT PRESENTENCE REPORT AND FOR TRANSCRIPT, REPORTS, AND VIDEO EVIDENCE**

**I. Introduction**

Defendant has filed two motions in this Court. The first seeks to correct his presentence report. Dkt. 47. The second requests disclosure of transcripts, video recordings, and reports from October 8, 2013 and October 30, 2018. Dkt. 48. As set forth below, the Court **DENIES AS MOOT** both motions.

Lawrence R. McManaman pled guilty to unlawful possession of a firearm and manufacture of marijuana and was sentenced to a term of imprisonment of 30 months with two years of supervised release. Dkt. 34, PageID.126–28. Judgment was entered on February 11, 2015. *Id.* at PageID.126. On October 11, 2016, this Court issued a warrant for Defendant's arrest for violating the terms of

1

his supervised release. Dkt. 38. Defendant admitted guilt to violation of the first condition of the term of his supervision, which was that he shall not commit another federal, state, or local crime. Dkt. 45, PageID.147. On December 8, 2016, Defendant was sentenced to a term of eight months for the violation, to be served in Federal Correctional Institution Milan. *Id.* at PageID.148. Defendant was released on August 2, 2017 after serving his sentence for the supervised release violation.

On July 5, 2017, while he was still incarcerated, Defendant filed a motion to correct what he perceived as errors in his presentence investigation report. Dkt. 47. On July 26, 2017, he filed a motion requesting transcripts, reports, and video recordings from October 8, 2013, and October 30, 2013, Dkt. 48, none of which are in the possession of the Court. In each motion, Defendant states that the events leading to the motion served to increase his custody points, placing him in a higher security facility than was warranted.

As to his first motion, because Defendant completed the relevant period of incarceration more than a year ago, complaints about the security level of his facility are moot. Second, Defendant had the opportunity to object to the presentence investigation report within 14 days after its issuance, which he did. The Court ruled on each objection at Defendant's sentencing hearing. Defendant now raises additional objections to the report that he could have raised at the

time but failed to do so. Those objections have been waived because the objection period has closed. *See United States v. McKinney*, 602 Fed. App'x 237, 239 (6th Cir. 2015). While the factual basis for the motion is somewhat unclear—Defendant references a domestic violence charge in his motion and no such charge is mentioned in his presentence report—it *is* clear that there is no legal basis for challenging a presentence report after the objection period elapses.

As to his second motion, the Defendant is not entitled to any discovery now that the case has been closed. There is no basis in law for requesting discovery.

## II. Conclusion

For the foregoing reasons, Defendants' motions to correct his presentence report and to compel production of evidence are DENIED.

**SO ORDERED.**

Dated: September 28, 2018

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 28, 2018.

s/A. Chubb<br>Case Manager